| | | |
|---|---|---|
| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority<br>Send<br>Enter<br>Closed<br>JS-5/JS-6<br>Scan Only |

**CASE NO.:** CV 16-04734-SJO (PJWx)          **DATE:** September 13, 2016

**TITLE:** Tito A. Thomas v. California Victim Compensation Program, et al.

========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz          Not Present
Courtroom Clerk          Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**      **COUNSEL PRESENT FOR DEFENDANT(S):**

Not Present          Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** [Docket No. 21]

This matter comes before the Court on Defendant Michael Heffner's ("Heffner" or "Defendant") Motion to Dismiss ("Motion"), filed as a joined motion on August 18, 2016.[1] Plaintiff has not filed an Opposition. The Court found this matter suitable for disposition without oral argument and vacated the hearing set for September 26, 2016. *See* Fed. R. Civ. P. 78(b). For the reasons stated below, the Court **GRANTS** Defendant's Motion.

I.     FACTUAL AND PROCEDURAL BACKGROUND

Proceeding *pro se*, Plaintiff filed the operative Complaint in the Eastern District of California on June 6, 2016. On June 28, 2016, the court in the Eastern District of California transferred the action to this Court. (ECF No. 6.)

In his Complaint, Plaintiff alleges that Heffner–the former Police Chief of the City of Hawthorne–falsified police reports which caused him to become homeless. (Compl. 5, ECF No. 1.) Although Plaintiff does not provide any facts as to the underlying state criminal proceedings, Plaintiff also alleges that the California Supreme Court discriminated against him by denying his appeal. (Compl. 6.) Accordingly, Plaintiff filed his Complaint asserting a violation of his Due Process and Speedy Trial rights under the California Constitution. (Compl. 4.)

In the instant motion, Heffner seeks dismissal of Plaintiff's Complaint, arguing: (1) Plaintiff fails to invoke federal question jurisdiction; (2) Plaintiff's suit is barred by the *Rooker-Feldman* doctrine;

---

[1] Heffner originally filed a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") on August 17, 2016. (ECF No. 17.) On August 25, 2016, Heffner filed another motion to dismiss pursuant to Rule 12(b)(6) and additional bases. (ECF No. 27.) For purposes of ruling on Heffner's Motion to Dismiss, the Court disregards Heffner's remaining motions to dismiss (ECF No. 17 and ECF. No. 27) as moot.

| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority<br>Send<br>Enter<br>Closed<br>JS-5/JS-6<br>Scan Only | _____<br>_____<br>_____<br>_____<br>_____<br>_____ |
|---|---|---|---|

CASE NO.: <u>CV 16-04734-SJO (PJWx)</u>            DATE: <u>September 13, 2016</u>

and (3) Plaintiff's suit is barred by the statute of limitations. Plaintiff did not oppose Heffner's Motion.

II.     <u>DISCUSSION</u>

    A.     <u>Legal Standard for Motion to Dismiss</u>

Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In general, a case arises under federal law when "federal law creates a cause of action." *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987) (citation omitted). "[D]eterminations about federal jurisdiction require sensitive judgments about congressional intent, judicial power, and the federal system." *Merrell Dow Pharms. Inc. v. Thompson,* 478 U.S. 804, 810 (1986).

As a court of limited jurisdiction, a district court must determine the issue of subject-matter jurisdiction before reaching the merits of a case. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83, 94 (1998). "When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented. Subject-matter jurisdiction can never be waived or forfeited." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (internal quotations omitted).

When subject-matter jurisdiction is challenged under Federal Rule of Civil Procedure 12(b)(1) ("Rule(12)(b)(1)"), the plaintiff "must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." *Tosco Corp. v. Comtys. For a Better Env't.*, 236 F.3d 495, 499 (9th Cir. 2001), abrogated on other grounds by *Hertz Corp. v. Friend*, 559 U.S. 77 (2010) (citation omitted).

    B.     <u>Plaintiff Fails to Invoke Federal Question Jurisdiction</u>

The Court first addresses Defendant's claim that Plaintiff's Complaint may be dismissed pursuant to Rule 12(b)(1) for lack of federal question jurisdiction. In his form Complaint, Plaintiff attempts to invoke federal question jurisdiction by checking the box indicating that a federal question is at issue. (Compl. 3.) But, Plaintiff's only cognizable claim raises a provision from the California State Constitution as opposed to the United States Constitution. Plaintiff invokes the California Constitution by stating:

Case 2:16-cv-04734-SJO-PJW Document 31 Filed 09/13/16 Page 3 of 5 Page ID #:142

| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority ____<br>Send ____<br>Enter ____<br>Closed ____<br>JS-5/JS-6 ____<br>Scan Only ____ |
|---|---|---|

**CASE NO.:** CV 16-04734-SJO (PJWx)      **DATE:** September 13, 2016

> California Constiton [sic] Article 1 Declaration of Rights Sec. 29. In a criminal case, the people of the State of California have the right to due process of law and to a speedy and public trial.

(Compl. 4.) Since Plaintiff brings no other cognizable claim, the Court concludes that Plaintiff has failed to invoke federal question jurisdiction. Plaintiff also lacks diversity jurisdiction since all parties appear to be domiciled in the State of California. (Compl. 2-3.)

    C.    <u>Plaintiff's Suit is Barred by the *Rooker-Feldman* Doctrine</u>

The Court next addresses Defendant's contention that Plaintiff is barred from suit under the *Rooker-Feldman* doctrine. Under the *Rooker-Feldman* doctrine, a federal court cannot assert jurisdiction to exercise appellate review of state court judgments. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983). The *Rooker-Feldman* doctrine prevents a party losing in state court from seeking what in substance would be appellate review of the state judgment in a United States District Court. *See Johnson v. Degrandy,* 512 U.S. 997, 1005-06 (1994). The *Rooker-Feldman* doctrine applies to "state-court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Only the United States Supreme Court may review decisions of a state court of last resort. *See Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir. 1986) (citation omitted).

The Court finds that Plaintiff's federal action against Heffner fits squarely within the purview of the *Rooker-Feldman* doctrine as articulated in *Exxon Mobil Corp v. Saudi Basic Indus. Corp.* As against Heffner, Plaintiff's legal theory centers around the fact that Heffner allegedly falsified police reports which led to some form of criminal sanctions against Plaintiff. As a result of the falsified police reports, Defendant alleges that he has become homeless. After his appeal was denied in 2013, Plaintiff brought the present suit before this Court. In other words, Plaintiff lost in state court, complains of the injuries caused by that judgment, and brings the present case before the Court to review and reject the state judgment against him. The *Rooker-Feldman* doctrine makes clear that this Court lacks jurisdiction in reviewing state judgments. Accordingly, Plaintiff is barred from suit under the *Rooker-Feldman* doctrine.

    D.    <u>The Statute of Limitations Bars Plaintiff From Bringing a Civil Action for Deprivation of Rights</u>

Even if this Court were to infer that Plaintiff brought a Civil Action for Deprivation of Rights under Title 42 United States Code Section 1983 ("Section 1983"), as Heffner suggests, Plaintiff's suit would be barred by the applicable statute of limitations in addition to the *Rooker-Feldman* doctrine. The statute of limitations period for a Section 1983 claim is governed by the forum state's statute

| | | |
|---|---|---|
| JS-6 | **UNITED STATES DISTRICT COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA**<br><br>**CIVIL MINUTES - GENERAL** | Priority ____<br>Send ____<br>Enter ____<br>Closed ____<br>JS-5/JS-6 ____<br>Scan Only ____ |

**CASE NO.:** CV 16-04734-SJO (PJWx)         **DATE:** September 13, 2016

of limitations for personal injury claims. *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007). California imposes a two-year statute of limitations for personal injury claims. *See California Code of Civil Procedure* § 335.1. Federal law governs the accrual of the limitations period of a Section 1983 claim. *Lukovsky v. City and Cnty. of S.F.*, 535 F.3d 1044, 1048 (9th Cir. 2008) (citation omitted). Under federal law a claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id.* (citation omitted).

As against Heffner, Plaintiff's action is based upon the allegation that Heffner lied on police reports, which presumably led to some form of criminal punishment. (Compl. 5.) Plaintiff had a reasonable opportunity to discover his Section 1983 claim against Heffner upon arraignment–or sometime shortly thereafter–as every criminal defendant is afforded the right to discovery. At that point, Plaintiff had access to the alleged falsified police reports. Given that Plaintiff's arraignment was long before his May 2012 appeal–and more than four years before the filing of his Complaint–the two-year statutory period has expired. Therefore, even if this Court were to interpret Plaintiff's Complaint as bringing a claim under 42 U.S.C. § 1983, Plaintiff's action would be barred by the applicable statute of limitations in addition to the *Rooker-Feldman* doctrine.

      E.    <u>It is Unnecessary for the Court to Address the Sufficiency of Plaintiff's Complaint</u>

The Court finds it unnecessary to delve into the issues of the sufficiency of Plaintiff's pleadings since Plaintiff is barred from suit for the reasons already discussed above. Such analysis is unnecessary given the dispositive nature of the Court's findings with respect to lack of jurisdiction, the *Rooker-Feldman* doctrine and the statute of limitations.

      F.    <u>Dismissal is Without Leave to Amend</u>

Pursuant to Federal Rule of Civil Procedure 15(a)(2), a district court should grant leave to amend when justice so requires, "even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (citation omitted). Futility alone can justify the denial of leave to amend. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *see Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (citation omitted) ("[A] proposed amendment is futile only if no set of facts can be proved under the amendment . . . that would constitute a valid and sufficient claim or defense."). Factors to be considered in determining whether leave to amend should be given include "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings." *Bonin*, 59 F.3d at 845.

The Court dismisses the present case without leave to amend since any amendment would be futile. Granting Plaintiff leave to amend to establish federal jurisdiction and plead sufficient facts would remain futile since Plaintiff's claim is barred by the *Rooker-Feldman* doctrine and the

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

CASE NO.: **CV 16-04734-SJO (PJWx)**      DATE: **September 13, 2016**

applicable statute of limitations as discussed above. Additionally, Plaintiff has already initiated a second lawsuit in the United States District Court for the Central District of California based on the same set of facts.[2] The Court finds that such gamesmanship results in duplicative litigation. In sum, Plaintiff will not be granted leave to amend his complaint since (1) Plaintiff is barred from suit under the *Rooker-Feldman* doctrine; (2) the applicable statute of limitations has expired; and (3) Plaintiff has brought the same lawsuit in the Central District of California where he has had the opportunity to amend his complaint.

III.     RULING

For the foregoing reasons, the Court **GRANTS** Defendant's Motion. Although the Court liberally construes the *pro se* Plaintiff's Complaint and holds it to less stringent standards than formal pleadings drafted by lawyers, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court also finds no basis to grant Plaintiff leave to amend because it is absolutely clear that the Complaint's deficiencies cannot be cured by amendment. *See Hicks*, 2011 WL 1648604, at *4. Plaintiff's claims are barred by the *Rooker-Feldman* Doctrine and the applicable statute of limitations. Accordingly, the Court dismisses the instant action **without leave to amend**.

IT IS SO ORDERED

---

[2] The Court takes judicial notice of the numerous other lawsuits Plaintiff has filed in state and federal court. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir.1988) ("In addition to the complaint, it is proper . . . to take judicial notice of matters of public record outside the pleadings and consider them for purposes of the motion to dismiss.") (internal quotation marks and citations omitted). In the past eighteen months, Plaintiff has initiated four lawsuits against the City of Hawthorne. After filing the instant Complaint, Plaintiff filed a second lawsuit against Heffner, also in the Central District of California, on August 9, 2016. (16-CV-05924-JLS-RAO). This second lawsuit is based on similar (and more detailed) allegations as brought against Heffner here. (ECF No. 1.) On August 15, 2016, Plaintiff's Complaint was dismissed with leave to amend. (ECF No. 7.) Plaintiff has since amended his Complaint. (ECF No. 12.)